# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MANUEL CRISOSTOMO, SYLVIA
RIVERO, CARLOS FRAGAPANE, ELVIN
RODRIGUEZ, and RICARDO DOMINGUEZ,

                      **Plaintiffs,**

-vs-                                       **Case No.  6:07-cv-1796-Orl-28GJK**

KUHN MANAGEMENT, INC.,

                      **Defendant.**

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **RENEWED JOINT REPORT REGARDING TERMS OF SETTLEMENT / MOTION TO APPROVE SETTLEMENT** (Doc. No. 33) |
| **FILED:** | **May 7, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiffs and Defendant jointly move the Court to approve their settlement of Plaintiffs Sylvia Rivero, Carlos Fragapane, Elvin Rodriguez and Ricardo Dominguez claims (the "Plaintiffs") pursuant to the Fair Labor Standards Act ("FLSA").  The parties indicate that Plaintiff Manuel Crisostomo is not a party to the settlement or the Joint Motion. Doc. No. 33 at ¶ 6 n. 1.  On May 7, 2008, the parties filed their Renewed Joint Report Regarding Terms of Settlement ("Joint Motion") (Doc. No. 33) .

Pursuant to *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353

(11th Cir. 1982) judicial review and approval of this settlement is necessary to give it final and binding

effect.  As the Eleventh circuit held in *Lynn*:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees.  First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . .  The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations.  When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53.  Before approving an FLSA settlement, the court must scrutinize it to determine if it is

"a fair and reasonable resolution of a bona fide dispute."  *Id*. at 1354-55.  If the settlement reflects a

reasonable compromise over issues that are actually in dispute, the Court may approve the settlement

"in order to promote the policy of encouraging settlement of litigation."  *Id*. at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the

following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994);

*Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3,

(M.D. Fla. January 8, 2007).  The Court should be mindful of the strong presumption in favor of finding

a settlement fair. *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).[1]

The Court has reviewed the proposed settlement as required by *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982), and finds the settlement is a fair and reasonable resolution of a bona fide dispute.  The case involved disputed issues of FLSA coverage, which constitutes a bona fide dispute.  Each party was represented by independent counsel, who were obligated to vigorously represent their clients.  Based on answers to interrogatories, the parties determined the Plaintiffs claimed they were owed the following amounts of unpaid overtime (plus an equal amount of liquidated damages and attorneys' fees): (1) Rivero - $640; (2) Fragapane - $640; (3) Rodriguez - $2,464; and (4) Dominguez - $640.   Doc. No. 33 at ¶ 5.  The parties agreed to settle Plaintiffs' claims including attorneys' fees for a total sum of $5,000, or $1,250 for each Plaintiff. Doc. No. 33-2 at ¶ 4a.  The agreement does not break down the total amount of the settlement proceeds in terms of what will be allocated to unpaid overtime, liquidated damages, and/or attorney's fees and cost.  However, the settlement agreement does state that the lump sum of $5,000 is made "in full and complete settlement of FLSA Actions, inclusive of attorney's fees, costs, and all applicable state and federal taxes and withholdings. *Id*.  Additionally, the parties agreed that Plaintiffs' release of all claims does "not waive or release any claim [the Plaintiffs] may have brought in [the pending state court action].  Doc. No. 33-2 at ¶ 2.  The Court finds the proposed settlement in exchange for Plaintiffs' release of claims and dismissal of the action with prejudice to be fair and reasonable.

## IT IS RECOMMENDED THAT:

---

[1]*Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (decision from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

The Court grant the Joint Motion only to the extent that it is a fair and reasonable resolution of a bona fide dispute.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on May 12, 2008.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

-4-