# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MANUEL CRISOSTOMO,

                Plaintiff,

-vs-                                    Case No. 6:07-cv-1796-Orl-28GJK

KUHN MANAGEMENT, INC.,

                Defendant.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motions and referral:

| | |
|---|---|
| **MOTION:** | **RENEWED JOINT MOTION AND STIPULATION FOR APPROVAL OF SETTLEMENT AGREEMENT AND JOINT MOTION TO DISMISS CASE WITH PREJUDICE** (Doc. No. 55) |
| **FILED:** | April 3, 2009 |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S CONSENT, AMENDED JOINT MOTION FOR STATUS CONFERENCE** (Doc. No. 57) |
| **FILED:** | **April 30, 2009** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED as moot**.

Plaintiff and Defendant jointly move the Court to approve their settlement agreement (the "Agreement") of Plaintiff's claims pursuant to the Fair Labor Standards Act ("FLSA") and to dismiss the case with prejudice (the "Motion"). Doc. Nos. 55, 55-2.[1]

Pursuant to *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982) judicial review and approval of this settlement is necessary to give it final and binding effect. As the Eleventh circuit held in *Lynn*:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53. Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve

---

[1] On May 15, 2008, the undersigned recommended approval of the joint settlement agreement between plaintiffs Sylvia Rivero, Ricardo Dominquez, Elvin Rodriguez, Carlos Fragapane, and Defendant. Doc. No. 34. On June 2, 2008, the Court entered an order adopting the recommendation. Doc. No. 37. The only remaining plaintiff is Manuel Crisostomo. *Id*.

the settlement "in order to promote the policy of encouraging settlement of litigation." *Id* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. January 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).[2]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 Fed.Appx. 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net. . . .")). In *Silva*, 307 Fed.Appx. at 351-52, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee

---

[2] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (all decisions from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

3

> recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir.1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D.Fla.2008).

*Id.* In order for the Court to determine whether the proposed settlement is reasonable, counsel for the claimant(s) must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorneys' fees, costs or expenses pursuant to a contract between the plaintiff and his or her counsel, or otherwise. *Id.* Furthermore, to establish the reasonableness of the fees and costs to be paid counsel should file a sworn statement containing: 1) a true and correct copy of a time sheet detailing the work performed by counsel and other legal professionals; 2) the individual who performed each task (with an indication of whether the individual is an attorney, paralegal, legal assistant, etc.); 3) the hourly rate for each individual who performed any task; 4) the number of hours spent on each task; and 5) a precise statement of all costs and expenses incurred.

The case involved disputed issues of FLSA coverage, which constitutes a bona fide dispute. *See* Doc. Nos. 1, 18, 55-2. Each party was represented by independent counsel who were obligated to vigorously represent their clients. The parties agreed to settle Plaintiff's claim in exchange for a release of all claims for a total sum of $5,000.00, inclusive of attorneys' fees, costs, and all applicable state and federal taxes. Doc. No. 55-2 at ¶ 4. On January 11, 2008,

4

Plaintiff filed Answers to the Court's Interrogatories claiming $59,848.28 plus liquidated damages in unpaid wages and unpaid overtime wages. Doc. No. 18 at 3. In the Motion, Plaintiff states that he has agreed to compromise his claim due to genuine issues regarding whether he was an exempt employee and the number of hours worked. Doc. No. 55 at ¶ 5. In his affidavit, counsel for Plaintiff has agreed to waive all attorneys' fees associated with this case. Doc. No. 53-2 at ¶ 4.[3] The undersigned finds the proposed Agreement in exchange for Plaintiff's release of all claims and dismissal of the action with prejudice to be fair and reasonable.

**THEREON IT IS RECOMMENDED THAT THE COURT**:

1. **GRANT** the Joint Motion (Doc. No. 55) only to the extent that the Court finds the parties' settlement is fair and reasonable;

2. Enter an order dismissing the case with prejudice and direct the Clerk to close the case; and

3. **DENY as moot** Plaintiff's Amended Motion for Status Conference (Doc.No. 57).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

---

[3] In his affidavit, Plaintiff's counsel states that the Plaintiff will reimburse counsel for $560.40 in costs. Doc. No. 53-2 at ¶ 10. In addition, Plaintiff has filed for Chapter 7 voluntary bankruptcy in the U.S. Bankruptcy Court for the Middle District of Florida in Case No. 6:07-bk-03508-KSJ. Doc. No. 53-2 at ¶ 12. According to counsel's affidavit, the Trustee of the Bankruptcy case will also receive $567.50 in fees and costs. *Id*. Therefore, counsel states that Plaintiff's net recovery under the settlement agreement after all applicable fees and costs will be $3,854.60. *Id*. at ¶ 13. The Court notes that $5,000.00 less $560.40 less $567.50 actually equals $3,872.10. *Id*. at ¶ 13. Counsel's affidavit does not explain this discrepancy. *Id*. The undersigned finds that this discrepancy does not render the Agreement unfair or unreasonable.

Recommended in Orlando, Florida on May 4, 2009.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record.